surance of the statute, supra, that the trial by jury "shall thereupon be had in the same manner as though either of the parties had demanded it," which is broad enough to afford to him affirmatively the benefit of the said section 234. The defendant did not waive his right, but asserted it at the outset of the trial, before any evidence was offered, and then excepted to the ruling against him. Thus he reserved his right to review (Hand v. Kennedy, 83 N. Y. 149), and he did not lose it by his subsequent participation in the trial (Id.; Zollert v. Groht, 21 Wkly. Dig. 325). Although the defendant was entitled to have the issue tried by a jury of 12, it was tried by a jury of 6, and this was a mistrial. Porter v. Cass, 7 How. Prac. 445.

The judgment must be reversed, and a new trial be ordered; costs to abide the event. All concur.

---

### JOSEPH LAURER BREWING CO. v. EHRESMAN.

(Supreme Court, Appellate Division, Third Department. June 18, 1908.)

TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT.

  A manufacturer of beer, known as "Laurer beer," leased to defendant the premises where it conducted its bottling business, executed a bill of sale of personal property used in connection therewith, and contracted to sell during the lease exclusively to defendant the beer manufactured by it; defendant agreeing to purchase exclusively of the manufacturer for the purpose of bottling and selling. Defendant engaged in the business of bottling and selling the beer under the name of "Laurer Beer Bottling Company," which business was continued under that name until expiration of the lease, with the manufacturer's knowledge and consent. There was no express provision in the lease, contract, or bill of sale transferring the right to use the name. Held, that defendant did not acquire a permanent right to the use of the name "Laurer Beer Bottling Company," but had nothing more than a mere license to use it during the term of the lease, and that he would be restrained from thereafter doing business under that name, or using it in connection with the bottling and sale of beer, except that he would be permitted to use the property on hand at the termination of the contract, but not so as to induce the public to believe that he was bottling and selling "Laurer beer."

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 46. Trade-Marks and Trade-Names, § 75.]

Appeal from Special Term.

Action by the Joseph Laurer Brewing Company against Daniel W. Ehresman. Judgment for plaintiff, and defendant appeals. Affirmed, on the opinion at Special Term.

The following is the opinion of Miller, J., at Special Term:

This is an action to restrain the defendant from using the name "Laurer Beer Bottling Company" in connection with the business of bottling and selling lager beer. It appears that the plaintiff from the year 1891 or 1892 to 1897 was engaged in the business of manufacturing lager beer, and that it also conducted a bottling works in which the beer manufactured by it was bottled and sold. This beer was known as "Laurer beer." In 1897 the plaintiff leased to the defendant the premises in which it was then conducting the bottling business, also executed a bill of sale to the defendant of certain personal property which was used in the bottling business, and entered into a written agreement with the defendant whereby it was agreed that during the term of the lease the plaintiff should sell in the locality specified in the contract ex-

clusively to the defendant the lager beer, known as "Laurer beer," manufactured by it, and that the defendant should purchase exclusively of the plaintiff, for the purpose of bottling and selling, said "Laurer beer." Thereafter the defendant under said agreements engaged in the business of bottling and selling lager beer under the name of "Laurer Beer Bottling Company," which business was continued under said name up to the 1st day of September, 1903, when the lease executed between the plaintiff and defendant terminated. The evidence also establishes the fact that the defendant used the name "Laurer Beer Bottling Company" with the knowledge and consent of the plaintiff up to the time of the termination of the lease and contract aforesaid.

The term "Laurer beer," is undoubtedly descriptive of the particular lager beer manufactured by the plaintiff, and the use of the name "Laurer Beer Bottling Company" by the defendant must necessarily tend to induce a belief on the part of the public that the beer bottled and sold under that name is the Laurer beer manufactured by the plaintiff. The plaintiff, under its corporate name, the "Joseph Laurer Brewing Company," had manufactured and sold "Laurer beer" for at least five years before the making of the contract and lease with the defendant. It is not claimed by the defendant that any of the beer which he now bottles and sells under the name "Laurer Beer Bottling Company" is "Laurer beer," and I think there can be no question but that the right to the use of the name "Laurer beer," as between the plaintiff and the defendant, is exclusively the property of the plaintiff, and that its use by the defendant in the manner proved must necessarily tend to deceive the public and work an injury to the plaintiff, and that the plaintiff is entitled to the relief asked for, unless the defendant, under the lease, bill of sale, and agreement executed between the parties in 1897, and by reason of the use of the name with the knowledge and consent of the plaintiff during the continuance of said contract and lease, has acquired a permanent right to the use of the name. There is no express provision in the lease, contract, or bill of sale transferring to the defendant the right to use the name, and the consent of the plaintiff to use it, in the absence of proof of an agreement giving the defendant the right to such permanent use, must be regarded only as a mere license to use the name for the purposes and during the continuance of said contract and lease, and that upon the termination thereof such license was revocable by the plaintiff.

It is said that the defendant has built up a business by the use of the name in question, and that to deprive him of its use now will result in injury to him. He should have protected himself against such injury by an agreement with the plaintiff. The proof shows that the bottling business was extended and enlarged by him during the term of the contract; but it may well be that the reputation and good will established during that time may have rested upon the quality of the beer manufactured by the plaintiff, and that to permit him to continue the use of the same name under circumstances which would lead the public to believe that they were receiving the same beer by means of which that reputation and good will was created would not only injure the plaintiff, but would perpetrate a fraud upon the public. I do not think that the defendant acquired anything more than a mere license to use the name during the term of the contract, and the case is entirely barren of the essentials necessary to establish an estoppel. The cases relied upon by the defendant, in my judgment, establish the reverse of the proposition for which he contends, and such seems to be the entire weight of authority in this state. McCardel v. Peck, 28 How. Prac. 120; Cutter v. Gudebrod Brothers Co., 44 App. Div. 605, 61 N. Y. Supp. 225; Societe Des Huiles d'Olive v. Rorke, 5 App. Div. 175, 39 N. Y. Supp. 28; Hazard v. Caswell, 93 N. Y. 259, 45 Am. Rep. 198; Caswell v. Hazard, 121 N. Y. 484, 24 N. E. 707, 18 Am. St. Rep. 833.

I think, however, that the defendant cannot be restrained from using the property transferred by the plaintiff to the defendant under the bill of sale, or from using the property purchased by him for use in the business of bottling during the term of the contract with the plaintiff, but that he should be restrained from doing business under the name of "Laurer Beer Bottling Company," or from using said name in any manner in connection with the bottling and sale of beer, with the single exception that he may be permitted to use the property on hand at the time of the termination of the contract, not, however

in such a manner as to induce the public to believe that he is bottling and selling "Laurer beer."

Proposed findings may be submitted, and the terms of the judgment may be settled before me.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

Wales & Riley (A. D. Wales, of counsel), for appellant.

Curtiss, Arms & Keenan (Thomas J. Keenan, of counsel), for respondent.

PER CURIAM. Judgment unanimously affirmed, with costs, on opinion of Miller, J., at Special Term.

SEWELL, J., not sitting.

---

PATRONO v. PATRONO et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. MORTGAGES—EQUITABLE MORTGAGE—RIGHT TO REDEEM.

Plaintiff contracted with B. for the purchase of land, the price to be paid in installments secured by mortgage, and took possession thereof; and, plaintiff thereafter being sentenced to the penitentiary, he executed an agreement to transfer to defendants his interest in the contract, defendants to make all payments thereunder and give plaintiff six months after his release from the penitentiary to reimburse them for such payments, and in the event of his failure to do so the property to belong to defendants. Thereafter, on April 17th, plaintiff and defendants executed an agreement with K., whereby they sold him all their interest in the B. contract, K. to pay all back taxes and a certain sum in addition thereto as purchase price; the agreement providing that plaintiff ratified it and waived his right to redeem from defendants under their contract, and thereafter K. and defendants executed a contract whereby, for consideration, K. released defendants from the agreement made on April 17th and reassigned to them all their rights under the B. contract. *Held*, in an action to compel the reassignment by defendants of the B. contract, that plaintiff became the equitable owner of the premises by the B. contract, and his agreement with defendants was an equitable mortgage, which he had a right to redeem, and his waiver of his right to redeem by the agreement of April 17th was conditioned upon K.'s performance of his obligation, and upon his failure to perform the defendants stood in the same position as when the contract was first assigned to them, and he was entitled to a reassignment.

2. SAME.

Though plaintiff was not a party to the last agreement of defendants with K., by which the latter reassigned his interest under the previous contract, plaintiff by the present action, by which he asserted his equitable ownership of the land, affirmed the cancellation of the assignment to K.

Appeal from Special Term.

Action by Pasquale Patrono against Pasquale Patrono and another to compel the reassignment of a contract to purchase land and for an accounting. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.