### JOYCE v. HAWLEY et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

BROKERS (§ 40*).—COMMISSIONS—IMPLIED PROMISES.

Plaintiff was manager of a towing company, and defendant H. was a stockholder. The towing company had used three tugs, of which two were owned jointly by defendant H. and others, and one was owned by the others; H. having no interest therein. At the instigation of defendant H., plaintiff negotiated a sale of the property of the towing company, for which sale plaintiff was not entitled to commissions, and during the negotiations defendant H. instructed plaintiff to include the three tugs in the sale. *Held* that, in an action for commissions in selling the tugs, no promise to pay plaintiff commissions could be implied from the directions to include the tugs in the sale, as the whole transaction was a single one.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 40.*]

Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Henry L. Joyce against Edwin Hawley and another to recover commissions. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

John B. Stanchfield, for appellants.

John J. Delany, for respondent.

SCOTT, J. The defendants appeal from a judgment in plaintiff's favor and an order denying a motion for a new trial. The action is for commissions claimed by plaintiff for effecting the sale of three tugboats to the Central Railroad of New Jersey. The complaint alleges that defendants were copartners under the firm name or style of Van Wie's Towing Line, and other allegations of the complaint seem to indicate an intention to hold the defendants as copartners, although the allegation as to the ownership of the tugs is, not that they were owned by the copartnership, but that they were owned by defendants jointly. The allegations as to the request to plaintiff to sell the boats and the promise to pay him therefor charge the defendants as copartners. The copartnership was denied by the answer, and it was clearly shown upon the trial that no such copartnership existed. The plaintiff at the trial made no attempt to amend in this regard, and does not claim now that he established by any direct proof the fact of copartnership, but attempts to fall back upon an alleged holding out of themselves by defendants as copartners. Of this we can find no evidence in the case, and, if there was, it would be unimportant, because the plaintiff does not appear to have done anything in reliance upon the supposed partnership.

Apart from this question, however, we are unable to find any evidence of an express promise to pay plaintiff a commission for effecting a sale of these tugs, or anything to justify the implication of such a promise. The plaintiff was a stockholder and the manager of the Manhattan Lighterage & Transportation Company, in which the defendant Hawley was a stockholder and vice president. That company owned a large number of lighters, derricks, etc., which it used in its business. It seems, also, to have used in connection with its business the three steam tugs in question. Two of these tugs were owned by the defendants jointly, and one was owned by the defendant Van Wie conjointly with his brother; Hawley having no interest in it. At the instigation of Hawley, plaintiff negotiated a sale of the property of the Manhattan Lighterage & Transportation Company to the Central Railroad Company of New Jersey. It has already been decided that he is entitled to no commission for negotiating this sale (Joyce v. Manhattan Lighterage & Transportation Company, 126 App. Div. 947, 111 N. Y. Supp. 1126). In the course of these negotiations Hawley instructed plaintiff to include the three tugs in the sale. This was done. It is not claimed that Hawley made any specific promise to pay a commission on the sale of the tugs. Such a promise is sought to be implied from the direction to include them in the sale. We think

that no such implication arises. The sale of the tugs was a part of sale of the lighterage company's equipment. The whole transaction was treated as a single one throughout. There is nothing from which we can infer that there was present in the minds of either plaintiff or defendants any idea that the sale of the tugs was a separate and distinct transaction, or that plaintiff was to receive a separate compensation for effecting their sale.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur, except HOUGHTON, J., who dissents.

HOUGHTON, J. (dissenting). Although the plaintiff was not entitled to any commission for selling the property of the Manhattan Lighterage & Transportation Company, I think in a proper action that he would be entitled to compensation for effecting a sale of the individual property of officers and stockholders of that company. The plaintiff was manager of the corporation, and the sale which he effected was held to come within his duties as such, and hence he was not entitled to extra compensation by way of commission. No such objection can be urged to his claim for commissions in selling the individual property of officers and stockholders. Technically the plaintiff is wrong in his allegation as to partnership, but for the purpose of sustaining the judgment the complaint could be amended in that respect.

I think such a disposition should be made, and the judgment affirmed.